**CORNELL**
LAW OFFICES OF ROSS CORNELL
APC

Ross Cornell, Esq.   (SBN 210413)
Post Office Box 1989, Suite 305
Big Bear Lake, CA 92315
rc@rosscornelllaw.com
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorneys of Record for Plaintiff,
Bryan Estrada

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bryan Estrada,<br><br>                    Plaintiff,<br><br>         v.<br><br>Brian Rodriguez, et al.<br><br>                    Defendants. | Case No.:<br>5:21-cv-01384-JWH-SP<br><br>Hon. John W. Holcomb<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FRCP 12(f); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  December 3, 2021<br>Time: 9:00 a.m.<br>Courtroom: 2 |

**TO THE HONORABLE DISTRICT COURT, TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on December 3, 2021 at 9:00 a.m. in Courtroom 2 of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th

St., Riverside, CA 92501, Plaintiff BRYAN ESTRADA ("Plaintiff") will move the Court for an ORDER striking the first and second affirmative defenses from the "Defendant's Amended Answer to Complaint" [Docket No. 16] (hereinafter the "Answer") filed by Defendant JOHN J. CLINE ("Defendant") pursuant to FRCP 12(f).

The grounds for this motion are that the affirmative defenses set forth in the Answer are improper, insufficient, redundant and/or immaterial pursuant to FRCP 12(f). This motion will be based on this notice of motion and motion, on the memorandum of points and authorities submitted herewith, on the files and records herein, and on such other evidence as may be presented at the hearing of this matter.

## LOCAL RULE 7-3 STATEMENT

Plaintiff's counsel attempted to arrange a conference of counsel regarding the instant motion, but the defense did not respond or make themselves available to participate. Accordingly, this motion is made without the conference of counsel required by L.R. 7-3.

Respectfully submitted,

Dated:  October 25, 2021                **LAW OFFICES OF ROSS CORNELL, APC**

                                         By:   /s/ *Ross Cornell*
                                                Ross Cornell, Esq.,
                                                Attorneys for Plaintiff,
                                                BRYAN ESTRADA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant's Amended Answer [Docket No. 16] fails to meet the applicable pleading standards and presents two defenses that are entirely devoid of factual content. It has been the Defendant's failure to conform to mandatory pleading standards and failure to meet and confer that has necessitated this motion.

## II.   LEGAL AUTHORITY FOR MOTION TO STRIKE

Under FRCP 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings.  The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.  1993). The Court determines the sufficiency of pleading an affirmative defense by analyzing whether it gives Plaintiff fair notice of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Because affirmative defenses expand the scope and burdens of discovery under Rule 26, the federal courts require that the defenses be plead with enough detail to permit opposing counsel to understand the essential bases for each defense. See *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 170 (N.D. Cal. 2010) (applying *Iqbal* pleading standard to affirmative defenses).  An affirmative defense must be pled to provide the plaintiff fair notice of the nature of the defense. See *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice [under Rule 8]." *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (quoting *Wyshak*, 607 F.2d at 827). "[B]are statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted, as required under Wyshak." *Id*. Defendants must sufficiently

identify the specific legal theory, set forth the elements of that theory, and plead sufficient factual matter to meet the elements.

The Defendant "must allege the grounds for entitlement to relief beyond mere labels and conclusions" and plead "enough facts to state a[n] [affirmative defense] that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Since the Supreme Court decision in *Iqbal*, "the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses." *Barnes*, 718 F. Supp. 2d at 1171 (collecting district court decisions nationwide); see also *Kuang Xuan Liu v. Win Woo Trading, LLC*, 2014 WL 7140514, at *2 (N.D. Cal. Dec. 12, 2014) (applying *Twombly* standard to affirmative defenses). Under that standard, a defendant may not invoke defenses by simply listing factual or legal conclusions. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984)).

Courts have found that well-established policy considerations are furthered by applying the *Twombly* standard to affirmative defenses. "Applying the [*Twombly* standard] to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes*, 718 F. Supp. 2d at 1172 (quoting *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 649 (D. Kan. 2009)). "Applying the [*Twombly*] standard . . . also serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."

A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc*., 156 F. Sup. 2d 1148, 1154 (C.D. Cal. 2001), quoting *Bureerong v. Uvawas*, 922 F. Supp.

- 4 -

MOTION TO STRIKE AFFIRMATIVE DEFENSES

1450, 1478 (C.D. Cal. 1986); see *Heller Financial, Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989) (motions to strike appropriate to remove unnecessary clutter from the case). A defense is properly stricken if it is insufficient as a matter of law. *EEOC. v. First Nat Z' Bank of Jackson*, 614 F.2d 1004 (5' Cir. 1980); *FTC v. Hang-up Art Enterprises, Inc*., 1995 U.S. Dist. LEX1S 21444, at *8 (C.D. Cal. 1995). A defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. *FDIC v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987).

The defenses set forth below are insufficient as a matter of law, present facts insufficient to support the elements of viable defenses, are irrelevant to the ultimate questions of law herein, and/or fail to explain the applicability of the named defense to the case at bar in anything other than vague and theoretical terms. Each is thus incompetent as a matter of law. *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) (affirmative defenses that contain insufficient factual and legal matter to provide notice under Rule 8 should be struck under Rule 12(f)). If an affirmative defense could not succeed under any set of facts "inferable from the pleadings," then it is insufficient as a matter of law. See *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1400 (7th Cir. 1991); see also *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Accordingly, the defenses should be stricken.

### III. LEGAL ARGUMENTS

#### A. *The First Affirmative Defense for "Statute of Limitations" Should Be Stricken Without Leave to Amend*

This defense provides no factual basis for its assertion and contravenes clearly alleged facts that establish that that the action has been brought well within the applicable statute of limitations (see Complaint ¶¶ 12, 13, 16, 19: "Plaintiff personally encountered one or more of the Barriers at the Subject Property in February, 2021"; "[b]etween February, 2021 and the present, the Plaintiff had personal knowledge of

the existence of Barriers at the Subject Property"). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis*, supra. A defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. *FDIC v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987). This defense should be stricken as insufficient pursuant to FRCP 12(f).

### B. *The Second Affirmative Defense for "Full Compliance" Should Be Stricken Without Leave to Amend*

This defense should be stricken as an improper negative defense in that all it does is purport to negate the allegation in Plaintiff's Complaint that the property is riddled with access barriers. This defense does not identify *which* of the alleged barriers have been altered to bring them into ADA standards and does not provide any facts as to *how*. Without sufficient factual detail, Plaintiff is not afforded fair notice of the basis for this defense with respect to any of the nine barriers specifically alleged in Paragraphs 12 and 29 of the Complaint [Docket No. 1]. Moreover, negative defenses are immaterial and should be stricken without leave to amend under FRCP 12(f). *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense.").

/ / /

/ / /

### IV. CONCLUSION

For all the reasons set forth herein, Plaintiff respectfully requests this Court strike the first and second affirmative defenses without leave to amend.

Respectfully submitted,

Dated: October 25, 2021                    **LAW OFFICES OF ROSS CORNELL, APC**

By: /s/ *Ross Cornell*
Ross Cornell, Esq.,
Attorneys for Plaintiff,
BRYAN ESTRADA

MOTION TO STRIKE AFFIRMATIVE DEFENSES